**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| AARON CHRISTOPHER HINE,<br>Petitioner,<br>v.<br>MANUEL PORTILLO, *et al.*,<br>Respondents. | Case No. 2:26-cv-02022-RFB-EJY<br>**ORDER** |

Petitioner Aaron Christopher Hine has filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] The Court directs service of the petition and sets a briefing schedule.

## I. BACKGROUND

Hine challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On June 10, 2016, the state district court entered a judgment of conviction for five counts of battery with use of a deadly weapon resulting in substantial bodily harm, two counts of attempted murder with use of a deadly weapon, two counts of battery with use of a deadly weapon, one count of burglary while in possession of a firearm, one count of discharging a firearm from within a structure, and one count of discharging a firearm into an occupied structure. The state district court sentenced Hine to an aggregate sentence of 26 to 75 years. The Nevada appellate court affirmed the judgment of conviction on direct appeal.

Hine filed a state habeas petition. Following an evidentiary hearing, the state district court

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

denied the state habeas petition. The Nevada Court of Appeals affirmed the denial of relief. In July 2026, Hine initiated this federal habeas corpus proceeding. ECF No. 1.

## II. DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Having conducted an initial review, the Court directs service of the petition and a response.

## III. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that the Clerk of the Court is kindly directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that Respondents will have **60 days** from the date of this order to appear in this action and answer or otherwise respond to the Petition.

**IT IS FURTHER ORDERED** that if Respondents file an answer to the Petition, Petitioner may file a reply within **60 days** from the date the answer is filed and served. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

**IT IS FURTHER ORDERED** that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss may be subject to waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If

Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

**IT IS FURTHER ORDERED** that all state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. See LR IC 2-2(a)(3)(A).

**IT IS FURTHER ORDERED** that notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the court.

**DATED:** August 11, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**